UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHYSICIANS COMMITTEE FOR )
RESPONSIBLE MEDICINE, )
)
Plaintiff, )
) Civil Case No. 11-38 (RJL)
v. )
)
TOM VILSACK, in his official )
capacity, )
)
and )
)
KATHLEEN SEBELIUS, in her official )
capacity, )
)
Defendants. )

MEMORANDUM OPINION
(December 12, 2011) [#10]

Plaintiff Physicians Committee for Responsible Medicine ("plaintiff") brought an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), seeking injunctive relief against defendants Tom Vilsack, Secretary of the United States Department of Agriculture ("USDA") and Kathleen Sebelius, Secretary of the Department of Health and Human Services ("DHHS") (collectively, "defendants"), which would require defendants (1) to provide a response to a petition that plaintiff had previously submitted and (2) to withdraw those portions of defendants' most recent dietary guidelines that are vague or ambiguous. In its petition, plaintiff requested that defendants withdraw the current "MyPyramid" food diagram and dietary guidelines, and adopt plaintiff's proposed "Power Plate" food diagram and dietary guidelines. After

1

careful consideration of the law and pleadings, defendants' Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff is a national non-profit public health organization that advocates for preventative medicine through proper nutrition. Amended Complaint ("Compl.") ¶ 3. Plaintiff represents more than 10,000 physicians and 100,000 other medical professions, scientists, and lay persons. *Id.*

In 2005, USDA and DHHS promulgated the most recent food diagram: MyPyramid. *Id.* ¶ 5. On March 11, 2010, plaintiff submitted to defendants a petition requesting they exercise their joint authority under the National Nutrition Monitoring & Related Research Act ("Nutrition Act"), 7 U.S.C. § 5341, to withdraw the current MyPyramid food diagram and associated dietary guidelines, and adopt plaintiff's proposed Power Plate food diagram and dietary guidelines. Compl. ¶ 6. Neither agency responded to plaintiff's request. *Id.* ¶ 9.

On January 31, 2011, defendants jointly issued new dietary guidelines—the *Dietary Guidelines for Americans, 2010* ("*Dietary Guidelines*"). *Id.* ¶ 11. Defendants did not, however, issue a new food diagram. *Id.* In part, the *Dietary Guidelines* acknowledges the value of plant-based diets, which plaintiff alleges properly reflects the preponderance of current scientific and medical knowledge. *Id.* Plaintiff, however, also alleges that other portions of the *Dietary Guidelines* do not reflect the preponderance of current scientific and medical knowledge. *Id.* ¶ 12. Specifically, plaintiff alleges that

while the guidelines specify foods to eat more frequently (e.g. fruits and vegetables), they do not identify foods to eat less often (e.g. meat and cheese). *Id.* ¶ 13.

On January 5, 2011, plaintiff filed this lawsuit. *See* Docket Entry 1. On February 15, 2011, plaintiff filed an amended complaint. *See* Docket Entry 9. On March 21, 2011, defendants filed a motion to dismiss. *See* Docket Entry 10.

## STANDARD OF REVIEW

A court may dismiss a complaint, or any portion of it, that does not fall within the court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Where a motion to dismiss under Rule 12(b)(1) makes a facial attack on the complaint, the reviewing court "must accept as true all material allegations on the complaint, and must construe the complaint in favor of the complaining party." *Ord v. District of Columbia*, 587 F.3d 1136, 1140 (D.C. Circuit 2009) (internal citation and quotation marks omitted). "Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).

A court may also dismiss a complaint, or any portion of it, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss, however, may only consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). To survive a motion to dismiss, a complaint must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009). In evaluating a Rule 12(b)(6) motion, the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks omitted). However, factual allegations, even though assumed to be true, must still "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## LEGAL ANALYSIS

*I.     Subject-Matter Jurisdiction*

Defendants contend plaintiff's claims—(1) failure to timely respond to plaintiff's petition, in violation of 5 U.S.C. § 555(b); and (2) arbitrary and capricious agency action because some portions of the *Dietary Guidelines* do not reflect the preponderance of current scientific and medical knowledge—should be dismissed because plaintiff has failed to demonstrate the necessary standing under Article III of the U.S. Constitution and the APA to establish that this Court has subject-matter jurisdiction over the claims. Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mot."), Mar. 21, 2011 at 10. "Because Article III limits the constitutional role of the federal judiciary to resolving cases and controversies, a showing of standing is an essential and unchanging predicate to any exercise our jurisdiction." *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir.

4

1996) (internal citation and quotation marks omitted). Standing, therefore, "must be resolved as a threshold matter." *Raytheon Co. v. Ashborn Agencies, Ltd.*, 372 F.3d 451, 453 (D.C. Cir. 2004). To satisfy the "irreducible constitutional minimum of standing," a plaintiff must demonstrate that it has suffered a concrete and particularized injury that is: "1) actual or imminent, 2) caused by, or fairly traceable to, an act that [plaintiff] challenges in the instant litigation, and 3) redressable by the court." *Bentsen*, 94 F.3d at 663 (internal citation and quotation marks omitted). There is no standing where "a court would have to accept a number of very speculative inferences and assumptions," as courts "are powerless to confer standing when the casual link is too tenuous."[1] *Winpisinger v. Watson*, 628 F.2d 133, 139 (D.C. Cir. 1980).

With respect to the first claim, plaintiff has failed to demonstrate in its complaint that it, or its members, have suffered a concrete and particularized injury that is actual or imminent. Indeed, any injury alleged is based on conjecture and speculation, which this Court is prohibited from considering. *See id.* at 139. In its opposition memorandum, plaintiff, citing to *FEC v. Atkins*, 524 U.S. 11 (1998) for support, contends that it has suffered an injury through defendants' failure to provide information as required by the Nutrition Act. Pl.'s Opp., Mar. 30, 2011, at 3. *Atkins*, however, is easily distinguishable.

---

[1] Additionally, associations have standing to pursue litigation "on behalf of its members when its members would have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires members' participation in the lawsuit." *Consumer Fed'n of Am. V. Fed. Commc'n Comm'n*, 348 F.3d 1009, 1011 (D.C. Cir. 2003) (internal quotation marks omitted). Further, when suing under the APA, the plaintiff must show that the alleged injury falls within the zone of interests "sought to be protected by the statutory provision whose violation forms the legal basis for his complaint." *Lujan v. Nat'l Wildfire Fed'n*, 497 U.S. 871, 883 (1990).

5

In *Atkins*, a group of voters were denied all requested information, which was required to be publicly disclosed under the Federal Election Campaign Act. 524 U.S. at 20. Here, however, defendants have *not* failed to provide information that must be publicly disclosed. The Nutrition Act requires defendants to publish a report of nutritional and dietary information and guidelines every five years. *See* 7 U.S.C. § 5341(a)(1). Defendants complied with the Act's mandate by publishing such a report. *See* Compl. ¶ 11. Therefore, with respect to the first claim, plaintiff has failed to demonstrate any injury-in-fact.

Similarly, plaintiff has failed to demonstrate an injury-in-fact with respect to its second claim. Plaintiff, which recommends a plant-based diet, contends that defendants' failure to reflect the preponderance of current scientific and medical knowledge by promoting meat and dairy products "interfere[s] with the efforts of [Plaintiff] . . . to improve the health and well-being of Americans and combat the epidemics of obesity, cardiovascular disease, diabetes, and other conditions related to food choices." Compl. ¶ 36. Plaintiff fails to provide any support, however, for this alleged injury, which is based in whole on conjecture and speculation. Indeed, plaintiff's own founder concedes that its staff is "skilled at *effectively* conveying information regarding health and diet to the public." Decl. of Neal D. Barnard, M.D. in Supp. of Pls.' Opp'n, Mar. 30, 2011, Dkt.12-1, ¶ 3 (emphasis added).

Therefore, because plaintiff has failed to demonstrate standing, defendants' Motion to Dismiss must be GRANTED.

*II.    Failure to State a Claim*

With respect to its first claim, plaintiff contends that defendants have failed to provide a timely response to its petition, as required under 5 U.S.C. § 555(b). Section 555(b) provides: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." On March 11, 2010, plaintiff submitted to defendants its petition requesting they withdraw and replace the then-existing dietary guidelines and food pyramid. Compl. ¶ 6. On January 31, 2011, defendants issued new dietary guidelines, which, in part, were not objectionable to plaintiff. *Id.* ¶¶ 10-12. Defendants contend that by publishing the *Dietary Guidelines* in final form, they "did effectively 'conclude the matter' as presented by plaintiff." Defs.' Reply, Apr. 13, 2011 at 13. Because plaintiff has failed to allege facts sufficient to show how defendants failed "to conclude a matter presented to it," plaintiff has failed to state a claim under Section 555(b).

With respect to its second claim (that the *Dietary* Guidelines are arbitrary and capricious), plaintiff contends that the *Dietary Guidelines* is entitled to judicial review under 5 U.S.C. §§ 702, 704. Section 702 provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Section 704 provides that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." Under the APA, "'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or

failure to act." 5 U.S.C. § 551(13). In turn, "'rule' means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or *describing the organization, procedure, or practice requirements of an agency.*" *Id.* § 551(4) (emphasis added). Plaintiff contends that the latter category includes the *Dietary Guidelines*. Pl.'s Opp'n at 10. The *Dietary Guidelines*, however, is not an agency statement describing the USDA or DHHS organizations or the agencies' procedures or practice requirements. It is, in sum, a report containing "nutritional and dietary information and guidelines for the general public." 7 U.S.C. § 5341(a)(1). As the Nutrition Act makes clear, such dietary guidance "does not include any rule or regulation issued by a Federal agency," and thus, does not constitute an "agency action." *Id.* § 5341(b)(3). Therefore, because plaintiff has not established that the *Dietary Guidelines* is actually subject to judicial review under the APA, it has failed to state a claim upon which relief can be granted.

## CONCLUSION

Thus, for all of the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. An appropriate Order will accompany this memorandum opinion.

_____
RICHARD J. LEON
United States District Judge

8